IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

YUANYUAN WANG,

      Plaintiff,

v.   Case No. 23-2502-JWB

KENNETH MADSEN, Director of the USCIS
Chicago Asylum Office,

      Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion to dismiss (Doc. 7) and motion to maintain documents under seal (Doc. 8). Plaintiff has failed to respond to the motions and the time for doing so has now passed. The motion to dismiss is GRANTED and the motion to maintain documents under seal is DENIED for the reasons stated herein.

**I.      Facts and Procedural History**

According to the complaint, Plaintiff filed an asylum application with Defendant's office in October 2020. Plaintiff was interviewed in connection with her application on June 16, 2022. (Doc. 1 at 1.) After more than one year, Defendant failed to issue a decision on her application despite Plaintiff's repeated inquiries and requests. On November 13, 2023, Plaintiff filed this action seeking to compel Defendant to promptly give her the result of her asylum application. (*Id.* at 2.) Plaintiff seeks injunctive relief under the Administrative Procedure Act and the mandamus statute, 28 U.S.C. § 1361, compelling Defendant to adjudicate her petition.

On February 1, 2024, Defendant issued an affirmative decision indicating a lack of credibility as to her allegations and referring the matter to the immigration court. (Doc. 7-1.)

1

Plaintiff was also issued a notice to appear for removal proceedings on the basis that she has remained in the country without authorization but she may reassert her claim for asylum during those proceedings. (*Id*.; Doc. 7-2.)

Defendant now moves for dismissal on the basis that Plaintiff's requested relief is now moot and this court lacks jurisdiction over the removal proceedings. Plaintiff has not responded.

**II.    Standard**

Because federal courts are courts of limited jurisdiction, a presumption exists against jurisdiction, and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am*., 511 U.S. 375, 377 (1994).

Pro se pleadings are construed liberally, but a district court cannot assume the role of an advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). And pro se plaintiffs must follow the same rules of procedure that govern represented litigants. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

**III.    Analysis**

    **A.  Motion to Dismiss**

Defendant argues that this action is moot due to the decision finding Plaintiff's allegations incredible and referring the matter to the immigration court for removal proceedings. In order for this court to have jurisdiction, there must be a live case or controversy before the court. Without a live claim or controversy, the claim is moot and this court lacks jurisdiction. *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1110 (10th Cir. 2010). "Declaratory judgment actions must be sustainable under the same mootness criteria that apply to any other lawsuit." *Id.* "If an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as

moot." *Brown v. Buhman*, 822 F.3d 1151, 1165 (10th Cir. 2016) (quoting *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 161 (2016), *as revised* (Feb. 9, 2016)). A party may raise mootness at any stage of the proceedings. *Ind v. Colo. Dep't of Corr.*, 801 F.3d 1209, 1213 (10th Cir. 2015).

Here, Plaintiff sought injunctive relief and an adjudication on her petition for asylum from Defendant. Reviewing the record, Defendant issued a decision and referred the matter to the immigration court. Further, the Department of Homeland Security has initiated removal proceedings against Plaintiff. The court finds that the requested relief sought by Plaintiff is moot after the decision issued by Defendant.

Moreover, this court lacks jurisdiction over removal proceedings. *See* 8 U.S.C. §§ 1252(a)(2)(A), (B); 1252(g). Because this matter has been referred to the immigration court and removal proceedings have been commenced, this court lacks jurisdiction to enter any orders requiring Defendant to take action.

**B.  Motion to Seal**

Next, Defendant moves to maintain the seal on the provisionally sealed motion to dismiss and exhibits on the basis that federal law requires any information contained in or pertaining to an application for asylum to be kept confidential. (Doc. 8 at 1–2) (citing 8 C.F.R. § 208.6(a)). That regulation, however, does not apply to disclosure in federal court proceedings. 8 C.F.R. § 208.6(c)(2). Further, the information is confidential to protect Plaintiff and Plaintiff has failed to indicate that she seeks any information regarding her asylum proceedings sealed. Plaintiff filed her complaint and allegations regarding her immigration petition on the public docket. Moreover, Defendant's motion and related exhibits only generally discuss Plaintiff's petition. This information was already included in the record.

Defendant's motion to maintain the seal (Doc. 8) is denied.

**IV.     Conclusion**

Defendant's motion to dismiss (Doc. 7) is GRANTED.  Defendant's motion to maintain documents under seal (Doc. 8) is DENIED.  This action is DISMISSED FOR LACK OF JURISDICTION.

IT IS SO ORDERED.  Dated this 10th day of April 2024.

  s/ John W. Broomes
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE
